UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **TYLER KINLER** | **CIVIL ACTION NO.:** |
| **VERSUS** | **SECTION:** |
| **CENTRAL BOAT RENTALS, INC.** | **MAGISTRATE JUDGE:** |

### COMPLAINT FOR DAMAGES

The Complaint of **TYLER KINLER,** a person of the full age of majority, respectfully represents:

1.

This is a case brought under the general maritime law of the United States, 28 U.S.C. §, Art. III, § 2, United States Constitution, and under Section 504 of the Rehabilitation Act of 1973, 29 USCS § 701 *et seq*.

2.

The venue is proper in the United States District Court Western District of Louisiana – Lafayette Division, under 28 U.S.C. § 1391(b)(1), since defendant is a resident of this judicial district.

3.

Defendant, **CENTRAL BOAT RENTALS, INC.**, a corporation doing business within the State of Louisiana and within the jurisdiction of this Honorable Court and an employer as defined by Section 504 of the Rehabilitation Act, is indebted unto plaintiff for all damages to which he is

entitled to receive as prayed for herein, together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings for the following, non-exclusive acts, as more specifically set forth below.

4.

On or about October 15, 2020, **TYLER KINLER** was employed by **CENTRAL BOAT RENTALS, INC.** as a Jones Act Seaman and a member of the crew aboard the M/V CAPT. CHRISTIAN earning $300/day as a tankerman.

5.

At all pertinent times herein, including on the day of the accident sued upon, **CENTRAL BOAT RENTALS, INC.** owned, operated, and/or controlled the M/V CAPT. CHRISTIAN, which was at all pertinent times a vessel in navigation.

6.

On or about October 15, 2020, plaintiff, **TYLER KINLER,** was working aboard the M/V CAPT. CHRISTIAN when he fell ill while in the service of his vessel.  He reported experiencing stomach pain and vomiting to the captain of his vessel and requested medical treatment, but he was refused.  He was removed from the vessel thereafter and instead of being provided medical treatment, **CENTRAL BOAT RENTALS, INC.** forced him to drive its crew transport vessel from Houston, Texas to its home office in Morgan City, Louisiana.  Upon arrival, **CENTRAL BOAT RENTALS, INC.** again failed to provide plaintiff with medical treatment.

7.

**TYLER KINLER** was left to find medical treatment on his own.  Following treatment, his treating physician cleared him to return to work on October 21, 2020.  **CENTRAL BOAT**

**RENTALS, INC.** refused to place plaintiff back on his vessel and made him sit home for two weeks. **CENTRAL BOAT RENTALS, INC.** also failed to institute maintenance and cure benefits. On October 29, 2020, plaintiff returned to his vessel. Unfortunately, shortly after beginning his hitch, he fell ill again and reported that he was experiencing the same symptoms to his vessel captain. On November 7, 2020, plaintiff was removed from the vessel, was not provided medical treatment, and was again forced to drive the crew transport van from Houston, Texas to Morgan City, Louisiana. **CENTRAL BOAT RENTALS, INC.** again failed to provide medical treatment. Plaintiff was left to find medical treatment on his own and presented to the emergency room of Slidell Memorial Hospital. **CENTRAL BOAT RENTALS, INC.** failed to institute maintenance and cure benefits.

8.

**TYLER KINLER** underwent a CT of the abdomen / pelvis, which evidenced a small fat attenuation adjacent to the colon. Plaintiff was diagnosed with epiploic appendagitis, which could be managed with dietary adjustments. Plaintiff was discharged to self-care, and on November 7, 2020, Slidell Memorial Hospital RN Sarah Lonergan issued a return-to-work notice providing that plaintiff was cleared to return to work as of November 9, 2020. Despite being released to work, **CENTRAL BOAT RENTALS, INC.** refused to allow plaintiff to return to work and required that he see its company doctor before returning to work. Plaintiff complied with the company's requests, but was never scheduled for an appointment because **CENTRAL BOAT RENTALS, INC.** refused to approve the visit.

9.

Pursuant to the general maritime law of the United States, **CENTRAL BOAT RENTALS, INC.**, had and continues to have the absolute and nondelegable duty to provide plaintiff with

3

maintenance and cure benefits from the date that he was rendered unfit for duty until maximum cure is reached.

10.

Therefore, plaintiff prays for the payment of past, present and future adequate maintenance benefits as well as past, present, and future payment of any and all cure benefits to which plaintiff is entitled.  **CENTRAL BOAT RENTALS, INC.** wrongfully, consciously, willfully, callously, arbitrarily, and recklessly refused to pay maintenance and cure benefits entitling plaintiff to attorney's fees, punitive damages, and an additional compensatory award for any acts of negligence on the part of the defendant which would result in an aggravation or deterioration of the plaintiff's medical condition.

11.

In addition to maintenance and cure benefits, plaintiff is entitled to unearned wages from **CENTRAL BOAT RENTALS, INC.**

12.

Plaintiff did not voluntarily resign and there was no justifiable basis to terminate plaintiff.  **CENTRAL BOAT RENTALS, INC.** wrongfully terminated plaintiff due to his illness and resultant maintenance and cure claim.  Accordingly, plaintiff is entitled to compensatory damages caused by the improper firing, including but not limited to, his expenses in finding new employment, lost earnings while he sought another position, and lost future earnings resulting from less remuneration than that earned while employed by **CENTRAL BOAT RENTALS, INC.**

13.

At all times relevant to the Complaint, plaintiff has been a qualified individual with a physical or mental impairment that substantially limits one or more of his major life activities. At all pertinent times, plaintiff performed the functions of his job competently and was more than qualified. Plaintiff informed his employer of his disability, determined to be epiploic appendagitis and symptoms related thereto, and his disability was open, obvious, and apparent based on his complaints to the vessel captain and others. Plaintiff could have continued to perform the essential functions of his position with a reasonable accommodation from his employer, i.e., the dietary restrictions provided for his medical diagnoses. Plaintiff requested accommodations for his disability in returning after finally receiving medical treatment and a proper diagnosis. Defendant was aware of plaintiff's disabilities and his requests for accommodations. Defendant even failed to engage in the interactive process. While disregarding plaintiff's requests, defendant disingenuously demanded that plaintiff be re-evaluated by its own company doctor. Plaintiff agreed to see the defendant's doctor, but defendant refused to approve and schedule the appointment. Defendant unjustifiably denied plaintiff's requests and failed to make reasonable and available accommodations for plaintiff. Defendant intentionally discriminated against plaintiff because of his disability. Defendant took several adverse actions against plaintiff including termination. The adverse actions taken against plaintiff were motivated by his disability. As a result of defendant's failure to accommodate plaintiff and termination of employment, plaintiff suffered emotional damages, lost wages, loss of benefits, and other losses.

14.

At all times relevant to the Complaint, plaintiff has been a qualified individual with a physical or mental impairment that substantially limits one or more of his major life activities. At

all pertinent times, plaintiff performed the functions of his job competently and was more than qualified. Plaintiff informed his employer of his disability, determined to be epiploic appendagitis and symptoms related thereto, and his disability was open, obvious, and apparent based on his complaints to the vessel captain and others. Plaintiff requested accommodations for his disability in returning after finally receiving medical treatment and a proper diagnosis. Defendant was aware of plaintiff's disabilities and his requests for accommodations. Defendant retaliated against plaintiff because of his disability when it refused to grant him accommodation requests and terminated his employment. The adverse actions were in retaliation for requesting accommodations and were motivated by retaliatory animus. As a result of defendant's failure to accommodate plaintiff and termination of employment, plaintiff suffered emotional damages, lost wages, loss of benefits, and other losses.

15.

Plaintiff prays for a trial by jury on all issues raised herein.

**WHEREFORE**, plaintiff, **TYLER KINLER**, prays that, defendant, **CENTRAL BOAT RENTALS, INC.**, be duly cited to appear and answer this Complaint and after due proceedings are had, there be judgment in his favor and against defendant, **CENTRAL BOAT RENTALS, INC..**, in an amount which is just and reasonable, including compensatory damages, punitive damages, and attorney's fees with legal interest thereon from date of loss until paid or, alternatively, from date of judicial demand until paid, and for all costs of these proceedings. Plaintiff prays for all other relief as may be just and equitable in the premises.

Respectfully submitted,

*s/Richard P. Voorhies III*
**RICHARD P. VOORHIES III (#30782)**
**DAVID J. SALTAFORMAGGIO (#34071)**
THE VOORHIES LAW FIRM
Energy Centre
1100 Poydras St., Suite 2810
New Orleans, Louisiana 70163
Telephone: (504) 875-2223
Facsimile: (504) 875-4882
E-mail: richard@voorhieslaw.com
       david@voorhieslaw.com

**KENNETH BORDES (#35668)**
KENNETH C. BORDES,
ATTORNEY AT LAW, LLC
2725 Lapeyrouse Street
New Orleans, Louisiana 70119
Telephone: (504) 588-2700
E-mail: kcb@kennethbordes.com

ATTORNEYS FOR PLAINTIFF