## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYLER KINLER,**<br>    **Plaintiff** | **DOCKET NO. 22-00218** |
| **v.** | **JUDGE ROBERT R SUMMERHAYS** |
| **CENTRAL BOAT RENTALS, INC.**<br>    **Defendant.** | **MAGISTRATE PATRICK J HANNA** |

## DEFENDANT CENTRAL BOAT RENTALS, INC.'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**NOW INTO COURT,** through undersigned counsel, comes Defendant, Central Boat

Rentals, Inc. ("CBR") which submits this Memorandum in Support of its Motion to Dismiss

Plaintiff Tyler Kinler's claims under Section 504 of the Rehabilitation Act of 1973 pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be

granted.   Plaintiff Tyler Kinler's ("Kinler") action under Section 504 of the Rehabilitation Act

of 1973 ("Rehabilitation Act") is clearly time-barred.

**I.    BACKGROUND[1]**

**A.    About CBR**

CBR provides safe, reliable, and cost-efficient marine transportation services to

companies exploring gas and oil inland and offshore of Louisiana, Texas, Mississippi, and

Alabama.  CBR has a wide selection of marine vessels, barges, repair facilities, and docks and

offers a wide selection of services to its customers, including transporting project cargo, safely

transporting petrochemicals, refined products and crude oil.  CBR also offers equipment rental,

including tugboats and barges, and offers dockside and shipside repair.

---

[1] Defendant presents the facts in the light most favorable to plaintiff.  *Martin K. Elby Const. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004).  Defendant, however, does not waive its right to bring evidence contrary to plaintiff's allegations.

**B.  Kinler's employment as a tankerman for CBR.**

Kinler worked as a tankerman for CBR.[2]  As a tankerman, Kinler managed the transfer of liquid cargo aboard oceangoing tankships or inland barges.  On October 15, 2020, Kinler requested to leave his vessel for stomach issues.[3]  He claims that once CBR removed him from the vessel, he did not receive medical treatment and was "forced" to drive CBR's crew transport vessel from Houston, Texas to his home in Morgan City, Louisiana.[4]

On October 20, 2020, Kinler presented a return to work slip from his treating physician, and claims that CBR refused to place him back on his vessel.[5]  On October 29, 2020, CBR returned Kinler to his vessel.  On November 6, 2020, Kinler again complained of stomach issues, and again wanted to leave his assigned vessel.[6] Again, CBR removed him from the vessel, and Kinler claims that CBR declined to provide medical treatment.[7]  Kinler saw a doctor on November 7, 2020 who diagnosed him with epiploic appendagitis.[8]

When Kinler requested to return to work on November 9, 2020, CBR notified him that its company physician would have to clear him to return to work.[9]  Kinler claims that he complied with CBR's request, but that CBR refused to approve the visit.[10]  CBR submits that Kinler's return-to-work note from a nurse was insufficient and that Kinler failed to sign a medical release, failed to provide sufficient medical documentation, and failed to schedule a fit for duty exam with its company doctor.  Kinler claims that CBR wrongfully terminated his employment when

---

[2] [Doc. 1, ⁋ 4].
[3] [Doc. 1, ⁋ 6].
[4] [Doc. 1, ⁋ 6].
[5] [Doc. 1, ⁋ 7].
[6] [Doc. 1, ⁋ 7].
[7] [Doc. 1, ⁋ 7].
[8] [Doc. 1, ⁋⁋ 7, 8].
[9] [Doc. 1, ⁋ 8].
[10] [Doc. 1, ⁋⁋ 8, 13].

he requested to return to work on November 9, 2020; CBR submits that Kinler voluntarily resigned.[11]

Kinler filed a charge of discrimination ("charge') with the Equal Employment Opportunity Commission ("EEOC") on August 4, 2021.[12]   In his charge, Kinler alleged that CBR harassed, discriminated, and retaliated against him under the Americans with Disabilities Act ("ADA") and the Genetic Information Non-Discrimination Act ("GINA").[13]   Kinler also claimed that he was wrongfully terminated as a result of his illness and as a result of claiming maintenance and cure benefits.[14]   Kinler filed suit against CBR on January 25, 2022, alleging causes of action under the Rehabilitation Act and general maritime law related to maintenance and cure.[15]

## II.     LAW AND ARUGMENT

### A.     Standard of Review Under Fed. R. Civ. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted.   A claim should be dismissed when it appears to a certainty that the plaintiff can prove no set of facts which would entitle him to relief.   *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).   The Court must accept all well-pleaded facts as true, viewing them most favorably to the plaintiff.   *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974).   Further, a court may dismiss a case where an affirmative defense or other bar to relief appears on the face of the complaint.   *Garrett v. Commonwealth Mortgage Corp. of America*, 938 F.2d 591, 594 (5th Cir. 1991).

---

[11] [Doc. 1, ▐▐ 8, 12-14].
[12] Exhibit A, EEOC Charge.  Courts may take judicial notice of EEOC Charges.  "Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion."  *Stewart v. Int'l Ass'n of Machinists & Aerospace Workers*, 16 F. Supp. 783, 797, n. 45 (S.D. Tex. 2014); *Tucker v. Waffle House, Inc.*, 2013 U.S. Dist. LEXIS 52991, at *21-22 (E.D. La. Apr. 11, 2013).
[13] Exhibit A, EEOC Charge.
[14] Exhibit A, EEOC Charge.
[15] [Doc. 1, ▐▐ 3, 7, 9-14].

**B.    Kinler's Complaint is untimely under the Rehabilitation Act.**

Kinler filed his Complaint against CBR under Section 504 of the Rehabilitation Act,[16] claiming that CBR failed to make reasonable accommodations for him, intentionally discriminated against him on the basis of his alleged disability, and terminated him as a result of his alleged disability.[17]

The Rehabilitation Act does not include a designated prescription period.  29 U.S.C. § 794.  "When Congress does not establish a limitations period for a federal cause of action, the 'general rule' is that we borrow the most analogous period from state law." *Frame v. City of Arlington*, 657 F. 3d 215, 236 (5th Cir. 2011).  Courts within the Fifth Circuit have concluded that Rehabilitation Act claims are subject to the one-year prescriptive period as dictated by Louisiana tort law.  *Id*. at 237 (finding that claims under the Rehabilitation Act are subject to the relevant state's limitations period for personal injury cases); *Boyle v. Greenstein*, 2012 U.S. Dist. LEXIS 73670, at *7 (E.D. La. May 29, 2012); *McNeal v. La. Dep't. of Pub. Safety & Corr.*, 2021 U.S. Dist. LEXIS 20045, at *35-36 (M.D. La. Feb. 2, 2021) (citing *Frame*, 657 F.3d at 238); *Copper v. St. Martin Manor*, 1998 U.S. Dist. LEXIS 1114, at *3 (E.D. La. Feb. 3, 1998); *Bastoe v. Burger King*, 1995 U.S. Dist. LEXIS 8630, at * 3 (E.D. La. June 21, 1995).

Louisiana Code of Civil Procedure Article 3452 provides that delictual actions are subject to a one-year prescriptive period.  Accordingly, Kinler had one year to file suit after his cause of action under the Rehabilitation Act accrued on November 9, 2020.  That period expired on November 9, 2021.  Kinler did not file suit until January 25, 2022,[18] making his suit for damages under the Rehabilitation Act untimely.

---

[16] 29 U.S.C. § 794.
[17] [Doc. 1, ¶¶ 2, 13, 14].
[18] [Doc. 1].

C.    **Kinler's EEOC charge did not toll the statute of limitations for Kinler's claims under the Rehabilitation Act.**

The Rehabilitation Act does not require a claimant to exhaust administrative remedies prior to filing suit against a private employer, and as briefed *supra*, has a one-year statute of limitations.  *Taylor v. City of Shreveport*, 798 F.3d 276, 283-84 (5th Cir. 2015) ("Although a plaintiff must exhaust his or her administrative remedies before pursuing a Rehabilitation Act claim against a federal agency, it need not do so before suing a federal *grantee*.") (emp. in orig.); *citing Prewitt v. U.S. Postal Serv.*, 662 F.2d 311, 314 (5th Cir. 1981); *Camenisch v. Univ. of Tex.*, 616 F.2d 127, 135 (5th Cir. 1980), *vacated on other grounds*, 451 U.S. 390 (1981); *Freed v. CONRAIL*, 201 F.3d 188, 194 (3rd Cir. 2000); *Brennan v. King*, 139 F.3d 258, 268, n. 12 (1st Cir. 1998); *Tuck v HCA Health Servs. of Tenn., Inc.*, 7 F.3d 465, 470-71 (6th Cir. 1993); *Smith v. Barton*, 914 F.2d 1330 (9th Cir. 1990); *New Mexico Ass'n of Retarded Citizens v. State of New Mexico*, 678 F.2d 847, 850 (10th Cir. 1982); *Kling v. Los Angeles Cty.*, 633 F.2d 876, 879 (9th Cir. 1980); *Minter v. Dist. of Columbia*, 62 F. Supp. 3d 149 (D.D.C. 2014).

Kinler failed to file suit within one year the date in which his claim accrued, and thus, his claims under the Rehabilitation Act are barred.  Kinler's EEOC charge, which alleged violations of the ADA and GINA, did not toll the statute of limitations for Kinler's Rehabilitation Act claim.

In *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 461 (1975), the Supreme Court held that the statute of limitations continues to run on claims which have no separate requirement to exhaust administrative remedies.  In *Johnson*, the plaintiff timely filed a charge of Title VII employment discrimination with the EEOC.  *Id*.  However, the plaintiff waited three and a half years after filing his charge under Section 1981, which, like the Rehabilitation Act, does not require a plaintiff to exhaust administrative remedies.  *Id*.  The Court held that

Johnson's suit under Section 1981 was barred by the one-year statute of limitation period imposed by applicable state law. *Id.* "[T]he statute of limitations continues to run on a claim that requires no administrative exhaustion while a plaintiff pursues administrative remedies on a separate claim that does not have such a requirement." *Id.*

The Court noted that Congress clearly retained Section 1981 as a separate remedy, which was independent of the more elaborate time-consuming process of pursuing claims under Title VII. *Id.* at 466. The plaintiff conceded that he could have filed suit on his Section 1981 rights at any time after his cause of action accrued. *Id.* Accordingly, the Court found that the p"[p]etitioner has slept on his Section 1981 rights." *Id.*

> The fact that his slumber may be been induced by faith in the adequacy of his Title VII remedy is of little relevance inasmuch as the two remedies are truly independent. Moreover, since Petitioner's Title VII court action now allows appears to be time-barred because of the peculiar procedural history of this case, Petitioner, in effect, would have us extend the Section 1981 cause of action well beyond the life of even his Title VII cause of action. We find no policy reason excuses petitioner's failure to take the minimal steps necessary to preserve each claim independently.

*Id.*

As briefed *supra*, Kinler alleged that CBR wrongfully terminated his employment when he requested to return to work on November 9, 2020.[19] As such, his claims under the Rehabilitation Act accrued on that November 9, 2020, and the statute of limitations expired on November 9, 2021. *Frame*, 657 F. 3d at 236. His EEOC Charge, which alleged violations of the ADA and GINA, did not toll the statute of limitations for his claims under the Rehabilitation Act. *Johnson*, 421 U.S. at 466.

The Fifth Circuit also recognized that filing an EEOC charge does not toll the statute of limitations on an independent claim. *Dupree v. Hutchins Brothers*, 521 F.2d 236, 238 (5th Cir.

---

[19] [Doc. 1, ¶¶ 8, 12-14].

1975).  In *Dupree*, the Fifth Circuit found that the statute of limitations ran on the plaintiff's cause of action for failure to promote, and that his EEOC charge did not toll the limitations period.  *Id*., *citing Johnson*, 421 U.S. at 466.  *See also EEOC v. Simbaki Ltd.*, 2012 U.S. Dist. LEXIS 71799, *11-12 (S.D. Tex. May 23, 2021) (statute of limitations is not tolled in the Fifth Circuit by pendency of administrative charge with the EEOC) (citing *Johnson*, 421 U.S. at 466); *Smith v. Cleco Corp*, 927 F. Supp. 2d 382, 387 (W.D. La. 2013).  Accordingly, Kinler failed to timely file suit on his claims under the Rehabilitation Act, and therefore his claims are barred and should be dismissed with prejudice.

## III.    CONCLUSION

Because Kinler's claims under the Rehabilitation Act are clearly untimely, those claims must be dismissed in their entirety.

Respectfully submitted

 */s/ Amanda Wingfield Goldman*
Amanda Wingfield Goldman (LA Bar #30800)
Amanda.Goldman@jacksonlewis.com
**JACKSON LEWIS P.C.**
650 Poydras Street, Suite 1900
New Orleans, Louisiana  70130
Telephone:    (504) 208-1755
Facsimile:    (504) 208-1759


 */s/ Rufus Harris*
RUFUS C. HARRIS, III, T.A. (#6638)
JASON KENNEY (#29933)
COREY PARENTON (#32918)
JAMES CROUCH, JR. (#35729)
Staines, Eppling & Kenney, LLC
3500 North Causeway Blvd., Suite 820
Metairie, Louisiana 70002
Telephone: (504) 838-0019
Email: rufus@seklaw.com

**COUNSEL FOR DEFENDANT,**
**CENTRAL BOAT RENTALS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

    _/s/ Amanda Wingfield Goldman_____
                    Amanda Wingfield Goldman

4886-8167-5029, v. 2

8